OPINION
{¶ 1} Defendant-appellant Debbie K. Lent appeals the August 23, 2005 Judgment Entry of the Tuscarawas County Court of Common Pleas granting judgment in favor of plaintiff-appellee James Wallick.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On August 22, 2003, plaintiff-appellee James Wallick initiated this action seeking damages arising out of defendant-appellant Debbie Lent's alleged breach of contract. The parties had entered into an agreement whereby appellee was to provide D.J. and karaoke services at appellant's bar. Appellee's complaint alleged damages in the amount of $16,895.00, the balance owed on the contract, $4,200.00 for the unauthorized use of his equipment and $1,380.00 for work performed.
 {¶ 3} Appellant timely appeared and filed a counterclaim for breach of contract against appellee.
 {¶ 4} On August 5, 2005, appellant's counsel filed a motion for leave to withdraw as counsel. Following a status hearing on the motion, the trial court, via Judgment Entry of August 16, 2005, granted counsel's motion.
 {¶ 5} A bench trial was conducted on August 19, 2005. Appellant did not appear for the trial, and via Judgment Entry of August 23, 2005, the trial court entered judgment in appellee's favor and vacated a prior sanction against appellee for appellee's failure to appear at a scheduled mediation.
 {¶ 6} Appellant now appeals the August 23, 2005 Judgment Entry, assigning as error:
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING DEFENDANT-APPELLANT DEBBIE K. LENT'S COUNSEL TO WITHDRAW AND THEREAFTER PROCEEDING TO TRIAL IN APPELLANT'S ABSENCE AND GRANTING JUDGMENT AGAINST HER.
 {¶ 8} "II. THE JUDGMENT AGAINST DEFENDANT-APPELLANT DEBBIE K. LENT IS MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE, INSUFFICIENT TO SUPPORT THE JUDGMENT AND MUST BE OVERTURNED."
 I {¶ 9} Initially, we note a review of the record indicates appellant filed a counterclaim against appellee on September 19, 2003. The counterclaim asserts:
 {¶ 10} "5. As a result of the foregoing, Plaintiff breached the agreement between he and Defendant which in turn caused damage to the Defendant's business. Defendant's damages being less than $25,000."
 {¶ 11} The trial court's August 23, 2005 Judgment Entry does not address appellant's counterclaim. Accordingly, we find the Judgment Entry is not a final appealable order.
 {¶ 12} For an order to be final and thus appealable, it must satisfy R.C. 2505.02, and when applicable, must also satisfy Civ.R. 54(B), which governs judgments involving multiple claims or multiple parties. Because the instant case involves multiple claims, Civ.R. 54(B) applies.
 {¶ 13} Civ.R. 54(B) states as follows,
 {¶ 14} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determinationthat there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, * * *." (Emphasis added.)
 {¶ 15} The trial court's entry does not make a specific determination there is no just reason for delay; therefore, the Judgment Entry is not a final appealable order as it did not specifically determine appellant's counterclaim. While we recognize there is but one consistent disposition of appellant's counterclaim in light of the trial court's conclusion relative to appellee's claims, we nevertheless find this Court is without jurisdiction to hear the within appeal.
 {¶ 16} Appellant's appeal is ordered dismissed.
Hoffman, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, we find the August 23, 2005 Judgment Entry of the Tuscarawas County Court of Common Pleas is not a final appealable order; therefore, this court is without jurisdiction to hear this appeal. This appeal is hereby dismissed. Costs assessed to appellant.